UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on May 11, 2006

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| | : | GRAND JURY ORIGINAL |
| | : | |
| v. | : | |
| | : | VIOLATIONS: |
| | : | |
| | : | 21 U.S.C. §963 |
| **CARLOS MARIO JIMENEZ-NARANJO,** | : | **(Conspiracy to Manufacture and** |
| a/k/a "Macaco," | : | **Distribute Five Kilograms or More** |
| a/k/a "Javier Montañez," | : | **of Cocaine Intending and Knowing** |
| | : | **that the Cocaine Will Be Unlawfully** |
| | : | **Imported into the United States)** |
| **Defendant.** | : | |
| | : | 18 U.S.C. §2 |
| | : | **(Aiding and Abetting)** |
| | : | |
| | : | 21 U.S.C. §960a |
| | : | **(Engaging in conduct violating 21 U.S.C.** |
| | : | **§841(a), knowing and intending to** |
| | : | **provide anything of pecuniary value to a** |
| | : | **person or organization engaged in** |
| | : | **terrorism or terrorist activity)** |

### I N D I C T M E N T

**THE GRAND JURY CHARGES THAT:**

### COUNT ONE

From on or about December 17, 1997, the exact date being unknown to the Grand Jury, and continuing thereafter up to and including the date of the filing of this Indictment, in the Republic of Colombia, Mexico, and elsewhere, the defendant, **CARLOS MARIO JIMENEZ-**

**NARANJO, a/k/a "Macaco," a/k/a "Javier Montañez,"** did knowingly and intentionally combine, conspire, confederate and agree, with others known and unknown to the Grand Jury, including with co-conspirators not indicted herein, to commit the following offense against the United States:  to knowingly and intentionally manufacture and distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, intending and knowing that such substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959 and 960.

All in violation of Title 21, United States Code, Sections 963, 960 (a)(3) and 960 (b)(1)(B)(ii) and Title 18, United States Code, Sections 2 and 3551 et seq.

## COUNT TWO

The Grand Jury further charges that from on or about March 6, 2006, and continuing thereafter up to and including the date of the filing of this Indictment, the defendant **CARLOS MARIO JIMENEZ-NARANJO, a/k/a "Macaco," a/k/a "Javier Montañez,"** did knowingly and intentionally combine, conspire, confederate and agree, with others known and unknown to the Grand Jury, including with co-conspirators not indicted herein, to engage in conduct that would be punishable under Title 21, United States Code, Section 841(a) if committed within the jurisdiction of the United States, that is, to knowingly and intentionally manufacture, distribute, and possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine; knowing and intending to provide, directly and indirectly, anything of pecuniary value to any person and organization that has engaged and engages in terrorist activity and terrorism, having knowledge that the said person and

organization has engaged and engages in terrorist activity and terrorism, in violation of Title 21, United States Code, Section 960a.

All in violation of Title 21, United States Code, Sections 841, 960, 960a, and Title 18, United States Code, Sections 2 and 3551 et seq.

## FORFEITURE ALLEGATION

The violations alleged in Counts One and Two are realleged and incorporated by reference herein.

As a result of the offenses alleged in Counts One and Two, the defendant named in Counts One and Two shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853, any and all respective right, title or interest which such defendants may have in (1) any and all money and/or property constituting, or derived from, any proceeds which such defendants obtained, directly or indirectly, as the result of the violation alleged in Counts One and Two of this Indictment; and (2) any and all property used, in any manner or part, to commit, or to facilitate the commission of, the violation alleged in Counts One and Two of this Indictment.

If any of said forfeitable property, as a result of any act or omission of the defendant - -

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without

difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraphs 1 and 2 above.

(Criminal Forfeiture, in violation of Title 21, United States Code, Section 853).

A TRUE BILL:

_____
FOREPERSON.

Kenneth A. Blanco, Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C. 20530

By: _____
Glenn C. Alexander, Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C. 20530
(202) 305-0524