UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

CARLOS MARIO JIMENEZ-NARANJO,
    a.k.a Macaco
    a.k.a Javier Montañez
        Defendant.

Criminal No. 05-235(RMC)

**DETENTION MEMORANDUM**

    The Defendant, Carlos Mario Jiminez-Naranjo, also known as Macaco and Javier Montañez, has been charged in a two-count indictment.  First, Defendant is charged with one count of conspiracy to manufacture and distribute five kilograms or more of cocaine intending and knowing that the cocaine will be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959, 963, 960(a)(3), 960(b)(1)(B)(ii) and 18 U.S.C. §§ 2 and 3551, *et seq.*  Second, Defendant is charged with engaging in conduct that would be punishable under 21 U.S.C. § 841(a) if committed within the jurisdiction of the United States, that is, to knowingly and intentionally manufacture, distribute, and possess with intent to distribute five kilograms or more of cocaine knowing and intending to provide anything of pecuniary value to any person and organization that has engaged and engages in terrorist activity and terrorism, in violation of 21 U.S.C. §§ 841, 960, 960(a), and 18 U.S.C. §§ 2 and 3551, *et seq.*

    The government requested a detention hearing, which was held on May 12, 2008.  At the conclusion of the hearing, the Court found that the Defendant should be held without bond.  This

memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### Findings of Fact

At the detention hearing, the government proceeded by proffer. Government counsel informed the court that from on or about December 17, 1997 until the filing of the indictment on May 11, 2008, Defendant engaged in a multi-national conspiracy based in Columbia to manufacture and distribute cocaine. The government further alleged that from on or about March 6, 2006 until the filing of the indictment on May 11, 2008, Defendant engaged in drug trafficking in order to provide pecuniary benefit to a terrorist organization. Specifically, the government proffered that Defendant served as a high-ranking leader of the Autodefensas Unidas de Columbia ("AUC"), an organization recognized by the U.S. Department of State as a foreign terrorist organization since September 2001. As an AUC leader, the government indicated that Defendant controlled all aspects of the cocaine industry from the coca producing land to the transportation routes for sending large quantities of cocaine. Government counsel further informed the court that at least twelve seizures of cocaine in the United States have been connected to the Defendant through distinctive markings and the testimony of cooperating witnesses.

### Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq.*, provides, in pertinent part, that if a judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person . . . [or] the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). When, as

here, a grand jury indictment establishes probable cause to believe that a defendant has committed a violation of the Controlled Substance Act for which a maximum penalty of ten years or more is prescribed, a rebuttable presumption arises that the defendant constitutes a danger to the community, and no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community.  *See* 18 U.S.C. § 3142(e).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released.  *United States v. Vortis*, 785 F.2d 327, 328-29 (D.C. Cir. 1986).  The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance."  *United States v. Westbrook*, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the appearance of the defendant and the safety of any other person and the community, the judicial officer shall take into account the available information concerning: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including the defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release.  *See* 18 U.S.C. § 3142(g).

The first factor, the nature and the circumstances of the offense, weighs in favor of Defendant's detention.  Defendant is charged with engaging in a long-term, multinational conspiracy to manufacture and import large amounts of cocaine into the United States.  The

second factor, the weight of the evidence against Defendant, also weighs in favor of detention. The government's charges stem from testimony of cooperating witnesses and multiple drug seizures in the United States, Mexico, and on the high seas.  The third factor, the history and characteristics of the Defendant, favors detention.  Defendant formerly served as a leader in a recognized terrorist organization and currently faces felony drug charges in the Southern District of Florida.  Additionally, Defendant is a Columbia citizen, possesses no strong ties to the jurisdiction, and lacks legal status outside his position as an extradited defendant.  The fourth factor, the nature and seriousness of the danger to the community should the defendant be released, similarly favors Defendant's detention.  The grand jury found probable cause to believe that the Defendant served as a lead agent of a drug trafficking organization, supported by paramilitary force, to sell cocaine and to secure pecuniary gain for a terrorist organization through these sales.

## Conclusion

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes by clear and convincing evidence that the statutory presumption has not been rebutted and that no condition or combination of conditions can be imposed to reasonably assure the safety of the community.  Moreover, this court concludes by a preponderance of the evidence that no condition or combination of conditions can be imposed to reasonably assure the appearance of the Defendant.  Therefore, the Government's motion for pretrial detention is granted and the Defendant is to be held without bond pending further actions of this court.

Dated: May 13, 2008                                        /s/
                                                                    ALAN KAY
                                                                    UNITED STATES MAGISTRATE JUDGE