UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>        )<br>Plaintiff, )<br>        )<br>v.            )<br>        )<br>CARLOS MARIO JIMENEZ NARANJO, )<br>    a.k.a. "Macaco," )<br>    a.k.a. "Javier Montañez, )<br>        )<br>Defendant. )<br>_____/ | Criminal Case No. 05-235-1(RMC) |

**GOVERNMENT'S MOTION UNDER THE SPEEDY TRIAL ACT FOR CONTINUANCE BASED ON COMPLEX CASE AND TO EXCLUDE TIME TO OBTAIN EVIDENCE FROM A FOREIGN COUNTRY**

**COMES NOW** the United States of America, by and through the undersigned attorney, and hereby moves the Court under 18 U.S.C. §§ 3161(h)(8)(A), 3161(h)(8)(B)(i) and (ii) of the Speedy Trial Act for a continuance based on complex case. In support thereof, the government states the following:

**FACTS**

1. On June 16, 2005, Carlos Mario Jimenez-Naranjo, a/k/a "Macaco" was indicted by a federal grand jury in the District of Columbia and charged with one count of conspiracy to manufacture and distribute five kilograms or more of cocaine with the knowledge and intent to import the cocaine into the United States in violation of 21 U.S.C. §§ 959 and 960. On September 25, 2007, a federal grand jury in the District of Columbia issued a superseding indictment, which included the original 21 U.S.C. §§ 959 and 960 count, and added a second count which charged a violation of 21 U.S.C. §960a

1

(narco-terrorism).  <u>United States v. Carlos Mario Jimenez-Naranjo</u>, Crim. No. 05-235-1 (RMC).  After the original indictment in 2005, the Government of Colombia requested that the U.S. Embassy in Colombia not submit any provisional arrest warrant requests for Autodefensas Unidas de Colombia ("AUC") leaders (such as the defendant) who were demobilizing their forces under their "Justice and Peace" program.  In August of 2007, the President Uribe of Colombia expelled Jimenez Naranjo from the Justice and Peace program, and he became subject to extradition to the United States.  On May 7, 2008, Jimenez Naranjo arrived in the District of Colombia after having been extradited from from Colombia.  On May 13, 2008 Jimenez Naranjo was ordered detained pending trial by Magistrate Judge Kay.

      2.  Prior to his arrest in Colombia, Jimenez Naranjo served as a high-ranking leader of the Autodefensas Unidas de Colombia ("AUC"), an organization recognized by the U.S. Department of State as a Foreign Terrorist Organization since September 2001.  In 2005, the Colombian Government began a demobilization program, under which AUC members who surrendered their weapons, were incarcerated, and provided truthful statements and agreed to pay restitution to victims, would receive limited prison sentences and would not be extradited to the United States.  The defendant entered the Justice and Peace program in 2005.  At the time of his demobilization, the defendant was the leader of the Bloque Central Bolivar ("BCB"), one of the most powerful blocks in the AUC, and he directly commanded approximately 9,000 soldiers, more than any other AUC leader. The defendant was also a member of the powerful Estado Mayor, which was the governing body of the AUC.  He also engaged in drug trafficking by providing security for, and participating in, the manufacturing and transportation of multi-ton

quantities of cocaine destined for the United States.

## ARGUMENT

3. Under the Speedy Trial Act, 18 U.S.C § 3161 et seq., the defendant's trial must commence within seventy days of his initial appearance. 18 U.S.C. § 3161(c)(1). The Speedy Trial Act, however, excludes certain periods of time from the seventy day computation. First, the Court may toll the seventy day period by granting a "continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."
18 U.S.C.§ 3161(h)(8)(A). One factor that the Court should consider is "whether the failure to grant such a continuance in the proceeding would be likely to make a continuance of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(8)(B)(i).

### Time Should be Excluded under § 3161(h)(8)(A) and (h)(8)(B)(i) and (ii) of the Speedy Trial Act because of the Complexity of the Case

4. The government respectfully moves the Court to grant a continuance because this is a "complex" case. The failure to grant a continuance in this case would result in a miscarriage of justice due to its complexity and significance.

5. The indictment alleges the existence of a multi-national conspiracy based in Colombia to manufacture and distribute cocaine, and that the defendant engaged in drug trafficking in order to provide pecuniary benefit to a terrorist organization. Specifically, the government alleges that the Jimenez Naranjo served as a high-ranking leader of the AUC, an organization officially designated as a Foreign Terrorist Organization ("FTO") by the United States Department of State. In the past it has been estimated that the AUC

was responsible for as much as 30% of the cocaine that is imported into the United States. The government intends to turn over a significant amount of evidence in discovery. The government also expects that a large quantity of additional relevant evidence will be made available by the Government of Colombia as a result of the defendant's extradition, which had previously been unavailable while the defendant was in the Justice and Peace program. Between 2005 and 2007, while the defendant was participating the Colombian Justice and Peace program, the Government of Colombia was not amenable to providing evidence against individuals who had demobilized. As part of the Justice and Peace program, Colombian prosecutors took statements from the defendant, and conducted a separate investigation into the defendant's past criminal conduct in Colombia. Most of this investigatory material is only being made available now. The vast majority of this evidence must be translated into English. Due to the nature and location of the government's evidentiary materials, which are primarily in Spanish, and the government's efforts to obtain evidence in Colombia, the government anticipates that complete discovery will take longer than usual.

      6. In addition, this case involves the extraterritorial application of United States Law, along with sensitive diplomatic issues involved in dealing with the Government of Colombia. This investigation of this case occurred outside the United States and was conducted by Special Agents of the DEA and their foreign counterparts in Colombia. The vast majority of witnesses who will testify for the government at trial are citizens of Colombia. And since the case involves the extraterritorial application of United States law, and involves a prosecution of a member of a Foreign Terrorist Organization, it may present novel questions of fact or law.

4

7.  Accordingly, the government respectfully submits that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limit established by the Speedy Trial Act. See United States v. Kamer, 781 F.2d 1380 (9th Cir. 1986) (holding an ends of justice continuance for additional trial preparation was supported by a complex case that had numerous overseas documents, most of which were in the Dutch language, and many foreign witnesses); United States v. Brooks, et al., 697 F.2d 517 (3rd Cir. 1982) (affirming district court's grant of continuance for a complex case that alleged a drug manufacturing and distribution conspiracy involving nine people, with four counts of substantive drug offenses involving various members of the conspiracy, where not all defendants had secured counsel, and where discovery had not been completed at the time continuance was granted); United States v. Strong, 608 F. Supp. 188 (E.D. Pa. 1985) (concluding the failure to grant an ends of justice delay would deny the government needed evidence and time necessary for effective preparation in a complex case that sought evidence from Hong Kong and Singapore).

8.  In computing the time within which the trial must commence, the government respectfully requests that the Court order that the period of time from the filing of this motion to six months therefrom be excluded pursuant to 18 U.S.C. § 3161(h)(9). See United States v. Serna, 630 F. Supp. 779 (S.D.N.Y. 1986) (finding the government was entitled to continued exclusion of time not to exceed one year under 18 U.S.C. § 3161(h)(9) while the government made a diligent and good-faith effort to obtain evidence gathered by Spanish police); United States v. Strong, 608 F. Supp. 188 (E.D. Pa. 1985) (concluding the failure to grant an ends of justice delay would deny the government needed evidence and time necessary for effective preparation in a complex

5

case that sought evidence from Hong Kong and Singapore). If additional time is needed to obtain relevant evidence, the government will file a supplemental motion requesting the additional exclusion of time.

**WHEREFORE**, for the foregoing reasons, the United States respectfully asks the Court to grant this motion.

Respectfully submitted this 6th day of June, 2008.

_____/s/_____
Glenn Alexander
Trial Attorney
Narcotic and Dangerous Drug Section
U.S. Department of Justice
1400 New York Ave., N.W.
Washington, D.C. 20005
(202) 305-0524
Fax: (202) 514-0483

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of this pleading was delivered to all parties by ECF this 6th day of June, 2008.

                                                                            /s/
                                                    GLENN C. ALEXANDER