UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Case No. 05-235-1 (RMC) |
| ) | |
| CARLOS MARIO JIMENEZ NARANJO, ) | |
| a.k.a. "Macaco," ) | |
| a.k.a. "Javier Montañez, ) | |
| ) | |
| Defendant. ) | |
| _____/ | |

**ORDER**

Upon consideration of the Government's Motion To Exclude Time Under the Speedy Trial Act and Declare the Case Complex, the Court hereby **ORDERS** that the government's motion is **GRANTED**.

1. The Court **FINDS**, pursuant to 18 U.S.C. §3161(h)(8)(A) and (B)(ii), (iv) that the ends of justice are served by granting the government's motion and outweigh the best interests of the public and the defendant in a speedy trial. The reason for finding that the ends of justice are served by the granting of the continuance and outweigh the best interests of the public and the defendant in a speedy trial is that this case is a complex case.

    This case is an international drug conspiracy case involving a defendant from Colombia. This case involves the extraterritorial application of United States law. The investigation of this case has occurred primarily outside the United States and has been conducted by Special Agents of the United States Drug Enforcement Administration

("DEA") and by authorities of foreign countries either working independently of or in cooperation with the DEA. The case involves evidence from various foreign countries which will require translation from Spanish into English. Many of the government's witnesses reside outside the United States. Because the case involves the extraterritorial application of United States law and the prosecution of foreign-based drug traffickers, and involves 21 U.S.C. §960a (narco-terrorism), a relatively new statute enacted in March of 2006, it may present novel questions of fact or law. Accordingly, the Court finds that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limit established by the Speedy Trial Act.

2. It is therefore **ORDERED** that in computing the time within which the trial must commence, the period of time until the commencement of the trial of Carlos Mario Jimenez Naranjo be excluded pursuant to 18 U.S.C. §§3161(h)(8)(A), 3161(h)(8)(B)(ii), and 3161(h)(8)(B)(iv).

**SO ORDERED**.

DATE: _____

_____
ROSEMARY M. COLLYER
UNITED STATES DISTRICT JUDGE