UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

CASE NO. 05-CR-00235

UNITED STATES OF AMERICA,
    Plaintiff,

v.

ORAL ARGUMENT
REQUESTED

CARLOS MARIO JIMENEZ-NARANJO,

    Defendant.
_____

### DEFENDANT, CARLOS MARIO JIMENEZ-NARANJO'S MOTION FOR BILL OF PARTICULARS (Jimenez-Naranjo's Pretrial Motion No. 1)

In accordance with Rule 7(f) of the Federal Rules of Criminal Procedure, CARLOS MARIO JIMENEZ-NARANJO ("Mr. Jimenez-Naranjo") moves the Court for an Order directing the government to file a bill of particulars setting forth the information specified below regarding the allegations of the Superseding Indictment.

### THE INDICTMENT

The indictment has two counts. Count I alleges a violation of Title 21 U.S.C. § 963 dating back to December 17, 1997. It states that from that date until up to and including the filing of the indictment, which, parenthetically, is about ten (10) years later, Mr. Jimenez conspired to manufacture and distribute 5 kilograms or more of cocaine knowing that it would be unlawfully imported into the United States. Count II alleges a violation of Title 21 U.S.C. § 960(a) dating back to March 6, 2006 up to and including the date of the filing of the indictment, Mr. Jimenez conspired to violate Title 21 U.S.C. §841(a) knowing and intending to provide directly and indirectly anything of pecuniary value to any person and organization that has engaged in and engages in terrorist activity and terrorism with knowledge of same. The Forfeiture Allegation,

which incorporates the allegations in Counts I & II, seeks the forfeiture of any an all property which was derived from the violation alleged in Counts One and Two or any and all property which in any manner was used to commit or facilitate the commission of the violation alleged in Counts I and II of the Indictment.

## MEMORANDUM OF LAW

A defendant's right to particularized allegations in an indictment is set forth in Federal Rule of Criminal Procedure 7(f). Specifically, the rule provides that "[t]he court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within ten days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires." Fed. R. Crim. P.7.

While, "it is within the sound discretion of the courts to determine whether a bill of particulars should be provided," *United States v. Trie*, 21 F.Supp.2d 7, 21 (D.D.C. 1998)(citations omitted), trial courts are not without guidance as to the exercise of their discretion. Those who drafted the present version of Rule 7(f) left a clear statement of their intent to <u>encourage</u> the use of bill of particulars.

> The amendment to the first sentence eliminating the requirement of a showing of cause is *designed to encourage a more liberal attitude by the courts towards bills of particulars* without taking away the discretion, which courts must have in dealing with such motions in individual cases.

Fed.R.Crim.P. 7(f) advisory committee's note to 1966 amendment. (Emphasis added).

In addition, there are well-recognized guideposts in deciding whether to grant or deny specific requests in specific cases. A bill of particulars should be granted whenever an indictment's failure to provide factual or legal information significantly impairs the defendant's ability to prepare his defense or to plead double jeopardy or is likely to lead the prejudicial

surprise at trial. *See, e.g. United States v. Butler*, 822 F.2d 1191, 1193 (D.C.Cir. 1987)("A bill of particulars can be used to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges."); *United States v. Trie*, 21 F.Supp.2d 7, 21 (D.D.C. 1998)(A bill of particulars is appropriate to "prevent unfair surprise at trial."); see also, *United States v. Warren,* 772 F.2d 827(11th Cir. 1985); *United States v. Rosa,* 891 F.2d 1063, 1066 (3rd Cir. 1989)*.*

## ARGUMENT

These principles are especially applicable here. The indictment, as constructed, leaves Mr. Jimenez guessing to a level not only unnecessary, but unfair and beyond all notions of constitutional due process, as to what he is particularly alleged to have done.  The indictment fails to provides even one overt act in furtherance of the conspiracy, a specific as to whom Mr. Jimenez-Naranjo is alleged to have conspired with, a date within the over 10 year time period that an act in furtherance of the conspiracies alleged occurred, and a  location (the indictment alleges activities in Colombia S.A., Mexico, as well as United States) where a narcotic transaction in furtherance of the conspiracy occurred. It does not provide a specific as to how the transaction(s) in furtherance of the conspiracies occurred. It fails to even specify which terrorist group or terrorist activities, the government alleges in Count II Mr. Jimenez-Naranjo intended to support. As to forfeiture, neither an amount of money or a property is named, leaving Mr. Jimenez-Naranjo without any notice of an amount of money or the location of property, the government alleges he has obtained as a result of the violations alleged in Counts I & II.  The Forfeiture Allegation does not provide an amount to be forfeited, property to be forfeited, or even the location of either money or property which the government alleges may be forfeited.

In short, the indictment as to Count I provides no clue as to dates, places, means of manner of the alleged drug importation, or the amount of cocaine involved (other than in excess of 5 kilograms of cocaine). As to Count II, the indictment provides even less information. Most significantly, the indictment leaves unstated its basis for its allegation that Mr. Jimenez-Naranjo "intend[ed] to provide, directly and indirectly anything of pecuniary value to any person or organization" engaged in terrorist activity or terrorism. This bare bone indictment fails to provide sufficient notice to the defendant, provides unfair hurdles to his ability to defend himself, and is mockery to the very concept of due process. The only way Mr. Jimenez can have a fair trial and effective legal representation in a trial such as this one promises to be, is for the Court to grant this bill of particulars.

In light of these deficiencies, the Court should order the government to provide the following particulars: (1) the date/times, location, means and methods of the importation of cocaine alleged in Count I; (2) the participants in the conspiracies alleged in Count I; (3) where, when, with whom, Mr. Jimenez-Naranjo engaged in narcotics related activity in alleged in Count II; (4) the terrorist and/or terrorist group/organization which Mr. Jimenez-Naranjo intended to support as alleged in Count II; (5) the means and methods Mr. Jimenez-Naranjo supported the terrorists and/or terrorist group as alleged in Count II; (6) the amount of money alleged to have been derived from proceeds obtained as a result of the violation alleged in Counts I & II; (7) the means and method of such support; (8) the location of the property alleged to have been derived from proceeds obtained as a result of the violation alleged in Counts I & II; and (9) the location of the property alleged to have been used to commit or facilitate the commission of the violations alleged in Counts I & II. We respectfully urge the Court grant Mr. Jimenez-Naranjo's motion in its entirety.

WHEREFORE, Defendant prays this Honorable Court grant the relief requested herein.

Respectfully submitted,

_____
Richard J. Diaz, Esquire
F.B.N. 0767697
Attorney for Carlos Mario Jimenez
3127 Ponce de Leon Blvd.
Coral Gables, FL  33134
Telephone: (305) 444-7181
Facsimile: (305) 444-8178
e-mail: rick@rjdpa.com


Donna R. Newman, Esq.(6299)
Buttermore Newman Delanney & Fotz,LLP.
111 Broadway, Suite 1805
New York, NY 10006
Telephone: (212) 229-1516
Facsimile:   (212) 676-7497
E-mail: donnanewmanlaw@aol.com