UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

CASE NO. 05-CR-00235

UNITED STATES OF AMERICA,

      Plaintiff,

v.

CARLOS MARIO JIMENEZ-NARANJO,

      Defendant.

_____/

## DEFENDANT CARLOS MARIO JIMENEZ-NARANJO'S MOTION FOR SPECIFIC GIGLIO/NAPUE MATERIAL AND FOR A COURT ORDER THAT SUCH MATERIAL BE PRODUCED IMMEDIATELY (PRETRIAL MOTION NO. 2)

For this motion, the Defendant, CARLOS MARIO JIMENEZ-NARANJO ("Mr. Jimenez-Naranjo") states:

### BACKGROUND

1. Mr. Jimenez-Naranjo is charged in a two-count indictment alleging conspiracy to import cocaine into the United States in violation of Title 21 U.S.C. § 963 and with conspiracy to give something of pecuniary value to any person who, or organization that has, engaged or engages in terrorist activity or terrorism while engaging in drug trafficking, in violation of Title 21 U.S.C. § 960a.

2. The defense anticipates that most, if not all of the civilian witnesses who will testify at trial are motivated in their testimony, not by their civic duty, but rather by their desire for

compensation in the form of money, and/or other benefits[1] and/or recuperation of their freedom, via sentence reductions.

## MEMORANDUM OF LAW

The existence of any promises, benefits, or favorable matters bestowed on a witness, by the government, must be disclosed to the defense. *Brady v. Maryland,* 373 U.S. 83 (1963). Likewise, any matter tending to impeach a government witness must be disclosed to the defense. *Giglio v. United States,* 405 U.S. 150 (1972). Courts often times differ as to what is disclosable under *Brady* and *Giglio*. Not only promises must be disclosed, but also *understandings and agreements*, or, the mere advice by the prosecutor concerning the future prosecution of a government witness, which would include even an informal understanding.

Courts have emphasized that the thrust of *Giglio* and its progeny has been to ensure that the jury know all facts that might motivate a witness in giving testimony. *Banks v. Deretke*, 540 U.S. 668 (2004).

## SPECIFIC REQUESTS

In addition to traditional plea agreements, cooperation letters and Kastigar-type letters, (which we know the government knows it must produce), we specifically ask that the government produce each of the following items separated by category.

1. Copies of any and all correspondence[2] by and between government counsel (or any government agency) and every witness in this case (and/or his or her counsel) and/or any

---

[1] Such as favorable prison-designation placements, immigration benefits for the witness(es) and/or family member and/or friends.
[2] This would include letters, memos and e-mails.

friend or family member of the witness wherein the subject matter is any benefit for the witness, directly or indirectly.

2. Copies of any document(s) that would record, evidence, or memorialize any conversation by and between government counsel (or any government agency) and every witness in this case (and/ or his or her counsel) and/or any friend or family member of the witness, the subject matter of which is any promise, any request for any benefit, a sentence reduction, a solicitation for assistance in accomplishing a designation or transfer to a prison or jail of choice, or any immigration benefit.

3. A copy of the presentence investigation report(s) ("PSIR") for any witness(es) (if applicable), with a redaction of any personal/family data.[3]

4. Copies of any letter(s) by any law enforcement agency and/or federal or state prosecutor to another person or entity (including but not limited to Bureau of Prisons and Department of Homeland Security seeking any benefit for the witness(es).

## ARGUMENT/ANALYSIS

Probing and proving the motivation of witnesses who are gaining benefits, promises, or even hopes in exchange for their "cooperation" and/or testimony against Mr. Jimenez-Naranjo goes to the very core of the Sixth Amendment. Cross-examination of such witnesses can only be effective when the defense knows the details and the truth of "the deal".

## CONCLUSION

For the foregoing reasons, the motion should be granted.

---

[3] The PSIR provides detailed information about the witness's crime, role, criminal history, substance abuse, as just a few examples.

Respectfully submitted,


s/ Richard Diaz
_____
Richard J. Diaz
F.B.N. 0767697
3127 Ponce de León Blvd.
Coral Gables, FL  33134
Telephone: (305) 444-7181
Facsimile: (305) 444-8178
E-mail: rick@rjdpa.com


s/ Donna R. Newman
_____
Donna R. Newman
BUTTERMORE NEWMAN DELANNEY
& FOLTZ, LLP
111 Broadway
Suite 1805
New York, NY 10006
(212) 229-1516
Fax: (212) 676-7497
Email: donnanewmanlaw@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing was sent via mail this

8th  day of July, 2008 to: AUSA, Glenn Alexander, U.S. Department of Justice, 1400 New York

Avenue, NW, room 8306, Washington, D.C. 22305.


s/Richard J. Diaz

_____
RICHARD J. DIAZ, ESQ.