UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

CASE NO. 05-CR-00235

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CARLOS MARIO JIMENEZ-NARANJO,

    Defendant.
_____/

## DEFENDANT, CARLOS MARIO JIMENEZ-NARANJO'S MOTION FOR SPECIFIC *BRADY* MATERIAL AND MEMORANDUM OF LAW (PRETRIAL MOTION NO. 3)

For this motion, the Defendant, CARLOS MARIO JIMENEZ-NARANJO ("Mr. Jimenez-Naranjo") states:

## BACKGROUND

1. Mr. Jimenez-Naranjo is charged in a two-count indictment alleging conspiracy to import cocaine into the United States in violation of Title 21 U.S.C. § 963 and with conspiracy to give something of pecuniary value to any person who, or organization that has, engaged or engages in terrorist activity or terrorism while engaging in drug trafficking, in violation of Title 21 U.S.C. § 960a.

2. Beginning in or about 2005 and continuing through the filing of this motion, upon information and belief, dozens, if not hundreds, of witnesses have been interviewed by federal law enforcement agents (and perhaps state officers as well) from the IRS, DEA, FBI, CBP and/or other law enforcement agencies and/or testified before the grand jury.

3. Upon information and belief, some, if not most of these witnesses have provided information and/or documents favorable to Mr. Jimenez-Naranjo.

4. We seek an order specifically requiring the government to provide to the Court, ex-parte and undersealed, an index identifying the following information:

   i) the names of all witnesses so interviewed by any law enforcement agency and/or who testified at the grand jury;

   ii) the date of each interview / grand jury appearance; and

   iii) a copy of interview report(s) and/or excerpt(s) of favorable grand jury testimony.

5. We ask the Court to examine such interview reports and/or grand jury testimony to determine which witness(es) are "Brady" witnesses and disclose those names and the correlating report(s)/grand jury testimony to the defense 60 days in advance of trial.

## MEMORANDUM OF LAW

A prosecutor has a duty to provide a defendant with all evidence in the state's possession materially favorable to the defendant's defense. *Brady v. Maryland*, 373 U.S. 83 (1963). *Brady* requires the prosecutor to turn over to the defense evidence that is favorable to the accused, even though it is not subject to discovery under Rule 16(a). The defendant's right to the disclosure of favorable evidence, however, does not create a broad, constitutionally required right of discovery. *Brady* only obligates the government to disclose only favorable evidence that is "material". The touchstone of materiality is a reasonable probability that the Brady material would produce a different result.

What constitutes *Brady* material may be fairly debatable in certain instances. In such cases, the prosecutor should mark the material as a court exhibit and submit it to the Court for in-camera inspection.

## ARGUMENT/ANALYSIS

The defense is entitled to have identified to it, every witness interviewed in this case who gave favorable testimony[1] and/or other evidence regarding Mr. Jimenez-Naranjo, *well before* trial. Since what is or is not *Brady* can vary from one prosecutor to another, we ask that the government provide the index, as suggested, to the Court, ex-parte and under seal, for the Court, *not the government*, to decide what witnesses and/or material fall under the *Brady* rubric.

## CONCLUSION

For the foregoing reasons, the motion should be granted.

Respectfully submitted,

s/ Richard J. Diaz

---

Richard J. Diaz, Esquire
F.B.N. 0767697
Attorney for Carlos Mario Jimenez
3127 Ponce de Leon Blvd.
Coral Gables, FL  33134
Telephone: (305) 444-7181
Facsimile: (305) 444-8178
E-mail: rick@rjdpa.com

---

[1] Favorable testimony would include a witness to an event involving Mr. Jimenez-Naranjo who testimony about such event contradicts the testimony of another government witness implicating Mr. Jimenez-Naranjo in such event

        s/ Donna R. Newman
        _____

        Donna R. Newman
        BUTTERMORE NEWMAN
        DELANNEY & FOLTZ, LLP
        111 Broadway
        Suite 1805
        New York, NY 10006
        (212) 229-1516
        Fax: (212) 676-7497
        Email: donnanewmanlaw@aol.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that a true and correct copy of the foregoing was sent via mail this 8th day of July, 2008 to: AUSA, Glenn Alexander, U.S. Department of Justice, 1400 New York Avenue, NW, room 8306, Washington, D.C. 22305.

        s/Richard J. Diaz
        _____
        RICHARD J. DIAZ, ESQ.