UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

CASE NO. 05-CR-00235

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CARLOS MARIO JIMENEZ-NARANJO,

    Defendant.
_____/

**DEFENDANT CARLOS MARIO JIMENEZ-NARANJO'S MOTION FOR RULE 16 DISCOVERY FOR ADDITIONAL SPECIFIC DISCOVERY[1], AND FOR A CUT-OFF DATE FOR THE PROVISION OF ALL SUCH DISCOVERY**
**(PRETRIAL MOTION NO. 6)**

For this motion, the Defendant, CARLOS MARIO JIMENEZ-NARANJO ("Mr. Jimenez-Naranjo") states:

---

[1] The additional items we seek pretrial include: the substance of any written or oral statements made by Mr. Jimenez-Naranjo including any rough notes, records, reports, transcripts, other documents or tapes in which such statement(s) of Mr. Jimenez-Naranjo are contained. Production of all documents that would support any attempt by the government to introduce 404(b) evidence. All seized evidence resulting from any search either warrantless or with a warrant in this case, including copies of al search affidavits and search warrants. A copy of every foreign application for search warrant and/or application for the interception of any type of communications whether telephonic, email, or text messaging. A copy of each and every document seized from Mr. Jimenez-Naranjo and or any of his Colombian prison facilities seized by the Colombian government. Regarding any government witnesses, any evidence of such witnesses' prior criminal record, whether or not resulting in a conviction, or any other evidence that such witness is biased or prejudices against Mr. Jimenez- Naranjo or has motivation to testify against Mr. Jimenez-Naranjo. Any evidence, including any medical or psychiatric reports or evaluations, tending to show that any prospective witnesses' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever sued narcotics or other controlled substances, or has ever been an alcoholic. Disclosure that any government witness has taken and failed a polygraph test. The name and last known address of every witness to the charged crimes who will be called as a government witness. For any confidential informant, a copy of the entire agency informant file for such informant.

## BACKGROUND

1. Mr. Jimenez-Naranjo is charged in a two-count indictment alleging conspiracy to import cocaine into the United States, under Title 21 U.S.C. § 963 and with conspiracy to give something of pecuniary value to any person who, or organization that has, engaged or engages in terrorist activity or terrorism while engaging in drug trafficking, in violation of Title 21 U.S.C. § 960a.

2. The defense anticipates a tremendous volume of Rule 16 evidence and an ongoing provision of same to the defense since much of the evidence in this case will come from out of district and from a foreign country, namely Colombia.

3. The only way for the defense to be constitutionally effective in the defense of Mr. Jimenez-Naranjo, the Court must order the immediate production of all Rule 16 evidence and provide a cut-off date for the provision of any "later produced" Rule 16 evidence.

## MEMORANDUM OF LAW

Rule 16 of the Federal Rules of Criminal Procedure does not establish a date certain for the timing by which the government must produce all of its evidence to the defense. However, there is a "continuing duty to disclose" and the rule allows a court, amongst other things, "to prohibit that party from introducing the undisclosed evidence…" if there is a discovery violation.

## ARGUMENT/ANALYSIS

This Court can and should use its inherent powers to impose a reasonable time for the government to provide its evidence in this case.[2] However, likewise, the Court should also

---

[2] We are mindful that the bulk of the evidence in this case is foreign evidence still located in Colombia –South America. But we also know that this case was indicted three years ago.

establish a discovery cut-off period to avoid delays, surprises and prejudice to Mr. Jimenez-Naranjo at trial. All discovery should be cut-off 60 days before the first day of trial.

## **CONCLUSION**

For the foregoing reasons, the motion should be granted.

Respectfully submitted,

s/ Richard J. Diaz

_____

Richard J. Diaz, Esquire
F.B.N. 0767697
Attorney for Carlos Mario Jimenez
3127 Ponce de Leon Blvd.
Coral Gables, FL  33134
Telephone: (305) 444-7181
Facsimile: (305) 444-8178
E-mail: rick@rjdpa.com


s/ Donna R. Newman

_____

Donna R. Newman
BUTTERMORE NEWMAN DELANNEY
& FOLTZ, LLP
111 Broadway
Suite 1805
New York, NY 10006
(212) 229-1516
Fax: (212) 676-7497
Email: donnanewmanlaw@aol.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that a true and correct copy of the foregoing was sent via mail this 8th day of July, 2008 to: AUSA, Glenn Alexander, U.S. Department of Justice, 1400 New York Avenue, NW, room 8306, Washington, D.C. 22305.

                                                        s/Richard J. Diaz

                                                _____
                                                RICHARD J. DIAZ, ESQ.