UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

CASE NO. 05-CR-00235

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CARLOS MARIO JIMENEZ-NARANJO,

    Defendant.
_____/

**DEFENDANT, CARLOS MARIO JIMENEZ-NARANJO'S MOTION FOR ORDER DIRECTING GOVERNMENT TO IDENTIFY LAY OPINION TESTIMONY (UNDER FEDERAL RULE OF EVIDENCE 701) WELL IN ADVANCE OF TRIAL (PRETRIAL MOTION NO. 8)**

For this motion, the Defendant, CARLOS MARIO JIMENEZ-NARANJO ("Mr. Jimenez-Naranjo") states:

**BACKGROUND**

1. Mr. Jimenez-Naranjo is charged in a two-count indictment alleging conspiracy to import cocaine into the United States in violation of Title 21 U.S.C. § 963 and with conspiracy to give something of pecuniary value to any person who, or organization that, has engaged or engages in terrorist activity or terrorism while engaging in drug trafficking, in violation of Title 21 U.S.C. § 960a.

2. The difference between what is "expert" opinion testimony and "lay" opinion testimony (or lay opinion testimony *disguised* as expert opinion testimony) is often times not clear.

3. The purpose of pretrial *expert* witness testimony disclosure is to:

      i)      avoid surprise;

      ii)     allow a fair opportunity for the retention of one's own expert witness;

      iii)    challenge the opponent's expert witness(es).

4. Lay opinion testimony, under Federal Rule of Evidence 701, can be as surprising and/or damaging as expert witness testimony can be.

5. For the forgoing reason, we seek an order, pretrial, requiring the government to disclose every lay opinion witness it intends to use, a summary of the lay opinion, and the basis for such lay opinion well in advance of trial.[1]

## MEMORANDUM OF LAW

Federal Rule of Evidence 701 allows a witness to testify in the form of opinions or inferences limited to those opinions or inferences which are (a) rationally based on the perception of the witness; and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

## ANALYSIS/ARGUMENT

Since the purpose of the expert witness disclosure rule is to avoid unfair prejudice and surprise, and a lay opinion can be equally surprising and damaging to a defendant, the Court should order similar pretrial disclosure of any lay opinion testimony the government intends to introduce at trial as well. To avoid prejudice, surprise or any delays at trial, the disclosure of any lay opinion testimony should be made to the defense at least 60 days before the first day of trial.

## CONCLUSION

For the foregoing reasons, the motion should be granted.

---

[1] We suggest 60 days before the first day of trial.

Respectfully submitted,

s/ Richard Diaz
_____

Richard J. Diaz
F.B.N. 0767697
3127 Ponce de León Blvd.
Coral Gables, FL  33134
Telephone: (305) 444-7181
Facsimile: (305) 444-8178
E-mail: rick@rjdpa.com

s/ Donna R. Newman
_____

Donna R. Newman
BUTTERMORE NEWMAN
DELANNEY & FOLTZ, LLP
111 Broadway
Suite 1805
New York, NY 10006
(212) 229-1516
Fax: (212) 676-7497
Email: donnanewmanlaw@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing was sent via mail this 8th day of July, 2008 to: AUSA, Glenn Alexander, U.S. Department of Justice, 1400 New York Avenue, NW, room 8306, Washington, D.C. 22305.

s/Richard J. Diaz

_____
RICHARD J. DIAZ, ESQ.