UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA


CASE NO. 05-CR-00235

UNITED STATES OF AMERICA,

      Plaintiff,

v.

CARLOS MARIO JIMENEZ-NARANJO,

      Defendant.

_____/

**DEFENDANT, CARLOS MARIO JIMENEZ-NARANJO'S MOTION FOR
ORDER TO PRODUCE IMPEACHING/ADVERSE INFORMATION
REGARDING LAW ENFORCEMENT WITNESSES
(PRETRIAL MOTION NO. 9)**

For this motion, the Defendant, CARLOS MARIO JIMENEZ-NARANJO ("Mr. Jimenez-Naranjo") states:

**BACKGROUND**

1. Mr. Jimenez-Naranjo is charged in a two-count indictment alleging conspiracy to import cocaine into the United States in violation of Title 21 U.S.C. § 963 and with conspiracy to give something of pecuniary value for any person who, or organization that has, engaged or engages in terrorist activity or terrorism while engaging in drug trafficking, in violation of Title 21 U.S.C. § 960a.

2. We anticipate that one or more law enforcement witnesses will testify in the trial of this case.

3. We therefore seek an order requiring the government to do two things regarding those witnesses. **First**, require the government to identify any and all

1

complaint(s), disciplinary action(s), (whether unfounded, not sustained, or sustained) less than satisfactory annual (or performance) evaluation(s) against the witness. **Two**, that the government inquire of the respective agency oversight unit (such as the Office of Professional Responsibility, Internal Affairs, etc.) and provide us with any profile/history on each government witness(es). In the event this profile/history reveals a complaint or investigation surrounding or directed at such witness(es), then the "case file" on that complaint, in its entirety, should be produced to defense counsel well in advance of trial[1].

## MEMORANDUM OF LAW

All pattern jury instructions tell juries that they should weigh the testimony of *all* witnesses under the same standard. This would naturally include law enforcement witnesses.  See, *U.S. v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). See also, *U.S. v. Chitty*, 760 F.2d 425 (2nd Cir.), cert. denied., 474 U.S. 945 (1985).

## ARGUMENT AND ANALYSIS

History has taught us that unfortunately, at times, law enforcement officers succumb to improper behavior, which, if discovered, may lead to a complaint, an investigation with a finding or conclusion. If sustained, discipline against such an individual may follow including termination and/or criminal prosecution.

For example, a disciplinary action for an agent falling asleep on the job, on its face, might not seem relevant to the cross examination of such a witness. However, if that agent is going to testify about certain observations (or non-observations) he/she made during a particular surveillance, the evidence of such a witness having been charged with

---

[1] We respectfully suggest 60 days before the first day of trial.

dereliction of or inattention to duty (i.e. falling asleep on the job), particularly during surveillance, would likely be admissible.

The amount of examples which might illustrate discoverable information has no limit. A performance evaluation might show an officer's (or agent's) sub-standard surveillance or interview techniques which can be used to impact that witness if he or she will testify about a surveillance or interrogation relevant to the guilty of Mr. Jimenez-Naranjo . A disclosure might show that a certain agent has been disciplined for losing evidence or improper association with known felons or confidential informants. That might be material if that agent handled evidence in Mr. Jimenez-Naranjo's case. Other examples might sight abuse of controlled substances, (primarily alcohol), the exercise of poor judgment or the filing of inaccurate reports.

All of these performance deficiencies and/or acts of misconduct which can vary from the most insignificant to the very serious can constitute impeaching evidence against law enforcement witnesses who although many times think they are above the law, are not. Indeed, there are those who say that they are even held to a higher standard because of the position they occupy and particularly because these witnesses have an interest in the outcome of this case.

Since the testimony of law enforcement officers is subject to the same credibility test as civilian witnesses, any relevant/impeachment material regarding such witnesses should be disclosed to the defense at least 60 days before the first day of trial.

## **CONCLUSION**

For the foregoing reasons, the motion should be granted.

3

Respectfully submitted,


s/ Richard Diaz

_____

Richard J. Diaz
F.B.N. 0767697
3127 Ponce de León Blvd.
Coral Gables, FL  33134
Telephone: (305) 444-7181
Facsimile: (305) 444-8178
E-mail: rick@rjdpa.com


s/ Donna R. Newman

_____

Donna R. Newman
BUTTERMORE NEWMAN
DELANNEY & FOLTZ, LLP
111 Broadway
Suite 1805
New York, NY 10006
(212) 229-1516
Fax: (212) 676-7497
Email: donnanewmanlaw@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via mail this 8th day of July, 2008 to: AUSA, Glenn Alexander, U.S. Department of Justice, 1400 New York Avenue, NW, room 8306, Washington, D.C. 22305.


s/Richard J. Diaz

_____

RICHARD J. DIAZ, ESQ.

4