UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

CASE NO. 05-CR-00235

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CARLOS MARIO JIMENEZ-NARANJO,

    Defendant.
_____/

**DEFENDANT CARLOS MARIO JIMENEZ-NARANJO'S MOTION TO PERMIT JURY TRIAL CONSULTANT TO SIT AT DEFENSE COUNSEL'S TABLE DURING JURY SELECTION (PRETRIAL MOTION NO. 11)**

For this motion, the Defendant, CARLOS MARIO NARANJO-JIMENEZ ("Mr. Jimenez-Naranjo") states:

## BACKGROUND

1. Mr. Jimenez-Naranjo is charged in a two-count indictment alleging conspiracy to import cocaine into the United States in violation of Title 21 U.S.C. § 963 and with conspiracy to give something of pecuniary value for any person who, or organization that has, engaged or engages in terrorist activity or terrorism while engaging in drug trafficking, in violation of Title 21 U.S.C. § 960a.

2. Should this case proceed to trial, the defense intends to use the services of a jury consultant for purposes of assisting the defense in the jury selection process and/or in

    reviewing any written jury questionnaires which the Court may order be utilized in this case[1].

3. At present, the defense will likely use the services of Sanford Marks, of Trial Technologies Inc. In order for Mr. Marks to be effective, it will be necessary that he be permitted to work with defense counsel on any (potential) written juror questionnaires and during the jury selection process itself. For this to happen, it will be necessary that he be permitted to sit at defense counsel's table during the voir dire and jury selection process.

4. Mr. Jimenez seeks an order from this Court permitting the defense jury consultant to be able to participate at defense counsel's table during the jury selection process. Mr. Jimenez further seeks that the Court permit the defense to introduce the jury consultant as an "assistant" and to preclude the government from mentioning that the jury consultant is a "jury consultant."

## MEMORANDUM OF LAW

Mr. Jimenez-Naranjo has a sixth amendment right to a fair trial and to effective assistance of counsel. This begins with seating a fair and impartial jury. The best way to do this is to allow Mr. Jimenez-Naranjo to employ counsel of choice investigators, expert witnesses and the jury consultant.

## ARGUMENT/ANALYSIS

In order for the jury consultant to have maximum effectiveness, it is necessary that he be integrated at defense counsel's table and be given access to all of the information provided to the defense regarding the potential jurors, which may include a jury questionnaire. In order to

---

[1] Mr. Jimenez-Naranjo has separately moved for an order allowing the use of a pretrial written jury questionnaire.

facilitate this integration it will be necessary that the jury consultant be permitted to sit at defense counsel table during the jury selection process.

## **CONCLUSION**

For the foregoing reasons, the motion should be granted.

Respectfully submitted,

s/ Richard Diaz

_____
Richard J. Diaz, Esquire
F.B.N. 0767697
Attorney for Carlos Mario Jimenez
3127 Ponce de Leon Blvd.
Coral Gables, FL  33134
Telephone: (305) 444-7181
Facsimile: (305) 444-8178
E-mail: rick@rjdpa.com

s/ Donna R. Newman

_____
Donna R. Newman
BUTTERMORE NEWMAN DELANNEY
& FOLTZ, LLP
111 Broadway
Suite 1805
New York, NY 10006
(212) 229-1516
Fax: (212) 676-7497
Email: donnanewmanlaw@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing was sent via mail this 8TH day of July, 2008 to: AUSA, Glenn Alexander, U.S. Department of Justice, 1400 New York Avenue, NW, room 8306, Washington, D.C. 22305.

                                            s/Richard J. Diaz

                                            _____
                                            RICHARD J. DIAZ, ESQ.